UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY SCHLORFF AND DIONNE ORTH SCHLORFF | CIVIL ACTION |
| VERSUS | NO. 16-11016 |
| DIGITAL ENGINEERING & IMAGING, INC., ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is Defendant United States of America Army Corps of Engineers' (the Corps) motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Also before the Court is Defendant Coastal Protection and Restoration Authority of Louisiana's (CPRA) motion to dismiss. For the following reasons, the Court GRANTS the Corps' motion and remands the remainder of this case to state court. Accordingly, the Court DENIES CPRA's motion for lack of jurisdiction.

## I.   BACKGROUND

This lawsuit arises out of the construction of floodwalls and drainage improvements for the St. Charles-Jefferson canal. Plaintiffs Henry and

Dionne Orth Schlorff live adjacent to the canal in Kenner, Louisiana.[1] Plaintiffs allege that the construction project has caused flooding of their property and home three times, twice in June of 2014, and again on May 21, 2015.[2] On May 19, 2016, plaintiffs filed this suit in Louisiana's 24th Judicial District Court.[3] Plaintiffs named Digital Engineering & Imaging, Inc.; Healtheon, Inc.; Southeast Louisiana Flood Protection Authority-East; East Jefferson Levee District; the Corps; Silas Cunningham; and CPRA as defendants.[4] Plaintiffs allege that defendants caused the flooding of their property and home through their negligence.[5] According to plaintiffs, this negligence includes, but is not limited to, preparation of defective studies, shoddy construction practices, failure to review construction plans, failure to correct serious engineering flaws in the construction plans, and failure to properly supervise the construction project.[6] In addition to their negligence claims, plaintiffs allege that all defendants violated Louisiana Civil Code articles 655 and 656 by altering the property's established drainage thereby

---

[1]   R. Doc. 1-2 at 2 ¶ 2.
[2]   *Id.* ¶ 3.
[3]   R. Doc. 1 at 1.
[4]   R. Doc. 1-2 at 1-2 ¶ 1.  With the exception of the Corps, all defendants are either Louisiana corporations, Louisiana citizens, Louisiana political subdivisions, or Louisiana government departments.
[5]   R. Doc. 1-2 at 2 ¶ 3.
[6]   *Id.*

increasing the amount of water that flows across the plaintiffs' property.[7] Plaintiffs seek damages for the diminution in value of their property, as well as attorneys' fees, costs and expenses.[8]

On June 20, 2016, the Corps filed a notice of removal and removed the case to this Court.[9] On July 22, the Corps filed this 12(b)(1) motion to dismiss.[10] The Corps argues that the Federal Tort Claims Act does not provide the Court with subject matter jurisdiction over plaintiffs' claims because the Corps is not a proper defendant under the FTCA. Additionally, the Corps argues that the doctrine of derivative jurisdiction deprives the Court of subject matter jurisdiction over claims against the Corps or the United States. On August 19, CPRA filed its 12(b)(1) motion to dismiss, arguing that the Eleventh Amendment grants CPRA immunity from plaintiffs' suit.[11] Plaintiffs have not responded to either motion.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal

---

[7] *Id.* at 4 ¶ 13.
[8] *Id.* ¶ 11, ¶ 15.
[9] R. Doc. 1.
[10] R. Doc. 8.
[11] R. Doc. 9.

statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). If a district court lacks jurisdiction over the subject matter of a plaintiff's claims, dismissal is required. *See* Fed. R. Civ. P. 12(b)(1). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Suits against the United States are barred unless Congress has consented to suit by waiving sovereign immunity. *United States v. Testan*,

424 U.S. 392, 399 (1976). The terms of that waiver define a court's jurisdiction to entertain the suit, *id.*, and the government's consent to be sued must be "construed strictly in favor of the sovereign and not enlarged beyond what the language requires." *United States v. Nordic Village Inc.*, 503 U.S. 30, 34 (1992) (internal quotations and citations omitted). The Federal Tort Claims Act (FTCA) is the sole waiver of the United States' sovereign immunity for tort claims against a federal agency defendant. 28 U.S.C. § 1346(b) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . ."). The FTCA makes clear that the authority of a federal agency to sue and be sued in its own name "shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b)," and that the remedies provided under section 1346(b) are exclusive. 28 U.S.C. § 2679(a).

Given this explicit statutory language, courts have consistently held that the United States, and not a federal agency or government employee, is the only proper party for a suit under the FTCA. *See, e.g.*, *Farmer v. Louisiana Electronic and Financial Crimes Task Force*, 553 F. App'x 386,

388-89 (5th Cir. 2014) (citing *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)); *Ballom v. United States*, No. 14-231, 2014 WL 4794822, at *2 (E.D. La. Sept. 25, 2014) (holding "[i]t is beyond dispute that the United States, and not the responsible [agency or] employee, is the proper party defendant in a Federal Tort Claims Act suit") (citation omitted)). Plaintiffs did not name the United States as a party. Therefore, in accordance with this clear statutory language and Fifth Circuit precedent, plaintiffs' FTCA claims against the Corps must be dismissed for lack of subject matter jurisdiction. *See Galvin*, 860 F.2d at 183.

The Court lacks jurisdiction over claims against the Corps for another reason. Here, the Corps removed the case under 28 U.S.C. § 1442, which provides that a civil action filed in state court against a federal agency may be removed to the federal district court. 28 U.S.C. § 1442(a)(1). Under the derivative jurisdiction doctrine, when a case is removed from state to federal court under 28 U.S.C. § 1442, the jurisdiction of the federal court is derived from the state court's jurisdiction. *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014) (citing *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). Thus, if the state court lacks jurisdiction over the subject matter or of the parties, the federal court cannot acquire jurisdiction through removal. *Id.* And as the FTCA explicitly states that federal district courts have

exclusive jurisdiction over tort claims against the federal government, 28 U.S.C. 1346(b)(1), the Louisiana state court never had jurisdiction over the claims against the Corps. Accordingly, the Court lacks subject matter jurisdiction not only because plaintiffs named the wrong defendant, but also because the state court lacked jurisdiction in the first place.

### B. Remand

The Corps' status as a federal defendant was the only potential basis for jurisdiction in federal court, as plaintiffs' complaint presents no federal question, and complete diversity is lacking. The Corps argues that where a federal court lacks subject matter jurisdiction as to federal agency defendants, the proper result is dismissal of the federal agency, followed by a remand of the remainder of the case to state court.[12] In support, the Corps points to *Lopez v. Sentrillon Corp*, 749 F.3d 347 (5th Cir. 2014). But *Lopez* did not decide that the derivative jurisdiction doctrine *requires* this result. Rather, the district court below had ruled that the derivative jurisdiction doctrine created a nonwaivable jurisdictional defect that barred the court from ever having original jurisdiction and required the court to remand the remaining state law claims. In an alternative ruling, the district court held

---

[12] R. Doc. 8-1 at 5. Plaintiffs did not respond to the Corps' motion, and therefore any argument in opposition by plaintiffs has been waived.

that even if the court did have original jurisdiction, it would not exercise supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367(c). Because the appellant waived appeal of the 1367(c) determination, the Fifth Circuit affirmed the remand order without deciding which basis was the proper one for remand. *See Lopez*, 749 F.3d at 351-52.

Accordingly, the Court holds that if the import of the derivative jurisdiction doctrine is that there is a jurisdictional defect barring the Court from having original jurisdiction over the Corps, then the Court is obligated to remand under 28 U.S.C. § 1447(c). *Id.* ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added); *see also F.D.I.C. v. Loyd*, 955 F.2d 316, 320 (5th Cir. 1992). Alternatively, if the doctrine of derivative jurisdiction involves a procedural, and not a jurisdictional, defect, then based on the statutory factors of 28 U.S.C. § 1367(c) and common law factors, the Court declines to exercise supplemental jurisdiction over the remainder of this case.

Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over "all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section

1367(c) provides that district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The language of section 1367(c) and case law makes clear that this is not a balancing test; any one of the four factors is independently sufficient to justify declining supplemental jurisdiction. *See* 13D Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3567.3 (3d ed.). The Supreme Court has given further guidance, instructing federal courts to consider and weigh the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction over pendent state law claims. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

  The Fifth Circuit holds that district courts have "wide discretion" to decline to exercise supplemental jurisdiction over state law claims once all federal claims have been dismissed. *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). Additionally, the Supreme Court has noted that when the federal claims are eliminated before trial, the *Carnegie-Mellon* factors

9

will normally "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n. 7.

Here, the section 1367(c) factors, the general rule, and the factors from *Carnegie-Mellon* weigh in favor of declining to exercise supplemental jurisdiction. As for the section 1367(c) factors, the Court has dismissed the claims against the Corps, and this was the only arguable basis for original federal jurisdiction. Additionally, all of the remaining claims are state law claims, so state law claims clearly predominate. Furthermore, the *Carnegie-Mellon* factors also suggest that declining to exercise supplemental jurisdiction is appropriate. This case is in its very early stages of litigation, the discovery process has yet to begin, and no trial date has been set. Consequently, the Court has invested little time or resources in adjudicating this case, and judicial economy will not be compromised if the case is remanded. Finally, it cannot be said that requiring the parties, all Louisiana citizens, to litigate in Louisiana state court would be unfair or inconvenient. Therefore, the Court declines to exercise supplemental jurisdiction over the remainder of plaintiffs' case.

## IV. CONCLUSION

For the foregoing reasons, the Corps' motion to dismiss is GRANTED. Plaintiffs' claims against the Corps are DISMISSED WITHOUT PREJUDICE. Plaintiffs' remaining claims are remanded to the 24th Judicial District Court for the Parish of Jefferson. CPRA's motion to dismiss is DENIED for lack of jurisdiction.

New Orleans, Louisiana, this __27th__ day of October, 2016.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE